# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

*In the Matter of the Search of*

**APPLICATION & AFFIDAVIT
FOR SEARCH WARRANT**

Case Number: 10-M-563

**Information associated with Bigd@hotmail.com
which is stored at a premises owned, maintained,
controlled, or operated by MSN Hotmail (Microsoft),
Mountain View, CA, for the time period
January 26, 2007 to the present,**

I, Douglas Bachert, being first duly sworn depose and state:

I am a Supervisory Deputy United States Marshal with the United States Marshals Service, and have reason to believe that in:

**Information associated with Bigd@hotmail.com which is stored at a premises owned, maintained, controlled, or operated by MSN Hotmail (Microsoft), Mountain View, CA, for the time period January 26, 2007 to the present,**

there is now concealed certain property, namely: See Attachment A, which will constitute evidence of violations of the 21 U.S.C. § 841 and 846, and 18 U.S.C. § 1073 (unlawful flight to avoid prosecution).

The facts to support a finding of Probable Cause are as follows: **Please see attached affidavit.**

Continued on the attached sheet and made a part hereof. √ Yes ___ No

_____
Signature of Affiant: Douglas Bachert

Sworn to before me, and subscribed in my presence

October __20th__, 2010 _at 11:05 AM_      at <u>Milwaukee, Wisconsin</u>
<u>Date and time issued</u>                                  City and State

HONORABLE WILLIAM E. CALLAHAN, JR.
<u>United States Magistrate Judge</u>
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Douglas Bachert, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with an e-mail account, Bigd@hotmail.com, maintained through MSN / Hotmail ("Microsoft"), whose headquarters are located in Mountain View, CA.

2.      I am a Supervisory Deputy United States Marshal with the United States Marshals Service, and have been since 1983. As the supervisor of the Fugitive Task Force, and previously as an investigator, I have conducted hundreds of fugitive investigations. Many of these investigations have included the use of sophisticated electronic surveillance techniques.

3.      The facts in this affidavit come from my personal observations, my training and experience, and from information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      In December 1999, a grand jury in this District issued an indictment charging Arthur Lopez Jr. (hereinafter "Lopez") and numerous others with large-scale drug trafficking conspiracy, firearms violations, and money laundering. *United States v. Lopez, et al.*, Case No. 99-CR-209 (E.D. Wis.). All of the defendants except for Lopez have been arrested, prosecuted, and convicted. Lopez remains a fugitive. A warrant was issued for Lopez's arrest on the indictment on December 15, 1999, and that warrant remains active and un-executed. Since the indictment in 1999, I and other law enforcement officers have been attempting to locate Lopez to effectuate his arrest. Informant

information has been developed periodically that Lopez was/is living in Mexico, and has been in contact with his grandfather, Julio Lopez.

5. On February 9, 2010, I received an anonymous tip from a co-producer of "America's Most Wanted," a television program on the Fox Network. Arthur Lopez Jr. had been recently profiled on the show. An anonymous caller to the show provided information that Lopez was using the alias of Roberto Gonzalez, and had been previously employed as a supervisor at a company called "Tele-Performance Mexico," located in Monterrey, Mexico. According to the caller, Lopez previously had a tattoo of the letters "AL," but has since had that tattoo removed. The caller also claimed that Mexican law enforcement came to "Tele-Performance Mexico" two years ago to arrest Lopez, but he fled before they arrived. The caller stated that Lopez is still using this alias and is still residing in Monterrey.

6. I forwarded this information to Deputy U.S. Marshal Roberto Vizcarrondo, assigned to the U.S. Marshals Office in Mexico City, and requested any information from the employment file for Roberto Gonzalez from Tele-Performance Mexico be obtained in an effort to determine whether Lopez may be working there. I also requested that Federal Bureau of Investigation (FBI) Special Agent Travis Homer, assigned to the Fugitive Task Force, provide the same information to the FBI Office located in Monterrey, Mexico.

7. On October 20, 2010, SA Homer received information from FBI Special Agent Jorge Luis Perez, who is currently assigned to the FBI Office in Monterrey, Mexico indicating that Arthur Lopez Jr., under the alias of Roberto Gonzalez, is currently employed on a part-time basis at Tele-Performance in Monterrey, Mexico. SA Perez also provided me with digital information from the employment file for Roberto Gonzalez. Included within this file is a photograph of Roberto

2

Gonzalez. I recognize the photograph as that of Arthur Lopez Jr. The digital information indicates that Gonzalez's/Lopez's status at the company is active, and it provides an e-mail address for him as robert_g60@hotmail.com. I subsequently learned that Gonzalez/Lopez is not currently employed at the business and that Gonzalez/Lopez listed a second e-mail address of Bigd@hotmail.com.

8.    I believe that Lopez is using the alias Roberto Gonzalez and that information from his personal e-mail account, such as communications with family and friends, communications with co-workers, internet protocol addresses used by Lopez for these communications, and information he probably provided to Microsoft to establish the e-mail account, will assist law enforcement in locating Lopez and safely effectuating his arrest.

## TECHNICAL INFORMATION RE: SEARCHES OF EMAIL ACCOUNTS

9.    In my training and experience, I have learned that Microsoft, also referred to as MSN or Hotmail, provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public. Subscribers obtain an account by registering with Microsoft. During the registration process, Microsoft asks subscribers to provide basic personal information. Therefore, the computers of Microsoft are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for Microsoft subscribers) and information concerning subscribers and their use of Microsoft services, such as account access information, e-mail transaction information, and account application information.

10.    In general, an e-mail that is sent to a Microsoft subscriber is stored in the subscriber's e-mail box on Microsoft servers until the subscriber deletes the e-mail. If the subscriber does not delete the message, the message can remain on Microsoft servers indefinitely.

3

11. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Microsoft servers, and then transmitted to its end destination. Microsoft often saves a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the Microsoft server, the e-mail can remain on the system indefinitely.

12. A Microsoft or Hotmail subscriber can also store files, including e-mails, address books, contact lists, pictures, and other files, on servers maintained and/or owned by Microsoft/ MSN / Hotmail.

13. Subscribers to Microsoft or Hotmail might not store on their home computers copies of the e-mails stored in their account. This is particularly true when they access their account through the web, or if they do not wish to maintain particular e-mails or files in their residence.

14. In general, e-mail providers like Microsoft ask each of their subscribers to provide certain personal identifying information when registering for an e-mail account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

15. E-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Microsoft website), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses

4

associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

16. In some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

17. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Microsoft to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment A. Upon receipt of the information described in Section I of Attachment A, government-authorized persons will review that information to locate the items described in Section II of Attachment A.

**CONCLUSION**

18. Based on the foregoing, I submit that there is probable cause to believe that on the computer systems in the control of Microsoft there exists evidence of the whereabouts of Arthur Lopez Jr., which will constitute evidence of the crimes for which he has been indicted, including but not limited to 21 U.S.C. § 841 and 846, and evidence of his violations of 18 U.S.C. § 1073. Accordingly, the search warrant is requested. This Court has jurisdiction to issue the requested warrant because it is "a court with jurisdiction over the offense under investigation." *See* 18 U.S.C. § 2703(a). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of the warrant.

5

# ATTACHMENT A

I.      Information to be disclosed by MSN / Hotmail (Microsoft):

To the extent that the information described herein is within the possession, custody, or control of MSN / Hotmail, MSN/Hotmail (Microsoft) is required to disclose the following information to the government for the following account, and any and all other accounts maintained by the same subscriber: Bigd@hotmail.com:

      a.     The contents of all e-mails stored in the account, including copies of e-mails sent from the account;

      b.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      c.     All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

      d.     All records pertaining to communications between MSN / Hotmail and any person regarding the account, including contacts with support services and records of actions taken.

II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the statutes listed on the warrant, 18 U.S.C. § 1073 and 21 U.S.C. §§ 841 and 846, involving Arthur Lopez Jr., since January 26, 2007, including, for the account Bigd@hotmail.com.